(106 So. 72)

### METCALF v. STATE.    (1 Div. 633.)

(Court of Appeals of Alabama.   Nov. 17, 1925.)

Criminal law ⊂⊃1095—Bill of exceptions stricken as not timely signed by trial judge.

Where bill of exceptions was duly presented to trial judge within 90 days as required by Code 1923, § 6433, but was not signed by judge until more than 60 days after its presentation, reviewing court was required, under section 6434, on motion of state, to strike such bill of exceptions as not timely signed.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Sidney Metcalf was convicted of distilling, and he appeals.   Affirmed.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The bill of exceptions was not signed within 60 days after it was presented, and should be stricken. Code 1923, § 6433. In the absence of a bill of exceptions, refusal of requested charges will not be reviewed. Bradford v. State, 18 Ala. App. 401, 92 So. 17.

BRICKEN, P. J.   The verdict of the jury resulted in the conviction of this defendant for distilling, making, or manufacturing alcoholic or spirituous liquors, etc., as charged in the first count of the indictment.

The trial of this case in the court below was held on February 12, 1925. Pending the trial several exceptions were reserved to the ruling of the court upon the admission of testimony, and the bill incorporating these exceptions was duly presented to the trial judge, as shown by the indorsement in the record, on May 1, 1925, which was within the 90 days fixed by statute for the presentation of a bill of exceptions. Section 6433, Code 1923. This statute also provides if the bill is correct, it must be signed by the judge within 60 days after its presentation.

As stated, in the instant case, the bill of exceptions was duly and legally presented to the trial judge on May 1, 1925, as his indorsement shows. It was not signed, however, by the judge until July 9, 1925, which was more than 60 days after its presentation.

Under statute section 6434, Code 1923, the appellate court may strike a bill of exceptions from the record or file if not presented or signed within the time required by law, upon motion of a party to the record or his attorney, but cannot so strike a bill of exceptions upon its own motion—"ex mero motu."

In the case at bar the state of Alabama, appellee, by and through its Attorney General whose duty it is to represent the state in all matters or proceedings in this court, makes motion to strike from the record the bill of exceptions upon the ground that it was not signed by the trial judge within the 60 days allowed by law. The indorsements sustain this contention, and we must perforce grant the motion and strike the bill of exceptions. This is accordingly ordered; the bill of exceptions contained in this record, is, for the reason stated, stricken.

This leaves the appeal before us here upon the record only. An examination of the record fails to disclose any error apparent thereon. No other question is presented for consideration.

Let the judgment of conviction appealed from stand affirmed.

Affirmed.